IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shantonio Witherspoon, | ) C/A No. 0:10-2601-RMG-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Mitch Lucas, Jail Administrator, Charleston County Detention Center, | ) **RECOMMENDATION** |
| Respondent. | ) |

The petitioner, Shantonio Witherspoon ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. At the time the instant Petition was filed, Petitioner was housed at the Charleston County Detention Center ("CCDC") pending sentencing in this Court in United States v. Witherspoon, Criminal No. 2:08-844-PMD-1. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

While Petitioner was housed in the CCDC, it appears that state criminal charges were brought against him and were pending at the time he filed this Petition. In the Petition he claims that he is being illegally held on those state charges because the evidence against him appears to have another person's name on it and he claims not to know that other person or why the evidence is being used against him. He seeks dismissal of the charges and release from custody.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Ordinarily, federal habeas corpus relief for a prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, " 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' " United States v. Tootle, 65 F. 3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Id. In order to pursue such a habeas corpus petition, it must be shown that the petitioner exhausted all of his state court remedies for the problems he alleges. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have consistently held that exhaustion is necessary under § 2241, just as it is necessary under § 2254. See, e.g., Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state court remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980); see Neville v. Cavanagh, 611 F.2d 673 (7th Cir. 1979); see also Perez v. Ledesma, 401 U.S. 82, 84-85 (1971) ("propriety of arrests and the admissibility of evidence in state criminal prosecutions are

ordinarily matters to be resolved by state tribunals" and federal courts should not intervene to short-cut the state criminal process in absence of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.").

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996). The <u>Younger</u> Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. <u>Younger</u>, 401 U.S. at 43-44. From <u>Younger</u> and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." <u>Martin Marietta Corp. v. Maryland Comm'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing <u>Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)).

The face of the instant Petition indicates that an ongoing state criminal proceeding exists in Charleston County. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of

Page 4 of 7

PJG

federal constitutional rights.' " Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224-26. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore v. DeYoung, 515 F.2d at 449. Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Id.; see also Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449.

In this case, Petitioner claims that certain evidence being used against him was not kept separate from certain evidence that might have only applied in a different person's case. Essentially, this is a chain-of-custody-type evidentiary claim that may be raised in the state trial court by way of motion to suppress, a motion to dismiss charges, or some other pre-trial motion asking the court to not admit such evidence into a trial. These claims are comparable to the speedy trial claim that was involved in the Moore case. In Moore, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. See United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d

Page 5 of 7

PJG

federal constitutional rights.' " Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224-26. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore v. DeYoung, 515 F.2d at 449. Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Id.; see also Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449.

In this case, Petitioner claims that certain evidence being used against him was not kept separate from certain evidence that might have only applied in a different person's case. Essentially, this is a chain-of-custody-type evidentiary claim that may be raised in the state trial court by way of motion to suppress, a motion to dismiss charges, or some other pre-trial motion asking the court to not admit such evidence into a trial. These claims are comparable to the speedy trial claim that was involved in the Moore case. In Moore, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. See United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d

at 226-27. Since Petitioner can pursue his claims in state court both during and after any trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. See Younger, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 1, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).