IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shantonio Witherspoon, ) | Civil Action No. 0:10-cv-2601-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Mitch Lucas, Jail Administrator, Charleston ) | |
| County Detention Center, ) | |
| ) | |
| Respondent. ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2241. The Magistrate Judge recommended dismissing Petitioner's claims without prejudice and without service of process. (Dkt. No. 13). Petitioner has not objected to the R&R or provided the Court with a proper address. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report and adopts it.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

1

Ordinarily, federal habeas corpus relief for a prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, " 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' " *United States v. Tootle*, 65 F. 3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Id.* In order to pursue such a habeas corpus petition, it must be shown that the petitioner exhausted all of his state court remedies for the problems he alleges. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have consistently held that exhaustion is necessary under § 2241, just as it is necessary under § 2254.

Further, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. While "special circumstances" lacks any definition, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Here, Petitioner claims that certain evidence being used against him was not kept separate from certain evidence that might have only applied in a different person's case. Such a claim is a chain-of-custody-type evidentiary claim that may be raised in the state trial court by way of motion to suppress, a motion to dismiss charges, or some other pre-trial motion asking the court to not admit such evidence into a trial. Since Petitioner can pursue his claims in state court both during and after any trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Petitioner is therefore precluded from federal habeas relief at this time.

## CONCLUSION

Based on the above, this petition is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States Court District Court Judge

December 22, 2010
Charleston, South Carolina